(90 South. 504)

## HUMPHREY v. STATE. (6 Div. 770.)

(Court of Appeals of Alabama. June 7, 1921. Rehearing Denied July 19, 1921.)

1. **Criminal law ⬨1144(8)—Court presumed to have selected impartial jury.**

It is the duty of the trial judge to see that defendant is tried before a fair and impartial jury, and it will be presumed he performed this duty, unless it clearly appears to the contrary.

2. **Criminal law ⬨1091(7)—Bill of exceptions to exclusion of questions to jurors held not to show error.**

A bill of exceptions to the refusal of the trial judge to question prospective jurors as to their relationship with those who defendant charged were in a conspiracy to convict him does not show error, where it does not show the expected answer of the jurors, nor that in fact any of them were related to the witnesses.

3. **Criminal law ⬨695(5)—Objection that question was leading waives other objections.**

Where objection was made to a question on the specific ground that it was leading, all other grounds of objections were waived.

4. **Witnesses ⬨240(2)—Ruling on objection question was leading is within court's discretion.**

The overruling of an objection that a question whether any of witness' hogs that were marked were stolen because it was leading was within the trial court's discretion.

## On Rehearing.

5. **Criminal law ⬨1159(5)—Appellate court only determines whether proof of corpus delicti is sufficient for jury.**

The appellate court, in ruling on the objection that 'the record fails to show proof of the corpus delicti, does not determine whether there was enough proof to establish it, but whether there was sufficient proof to go to the jury upon that question and to sustain a verdict, the jury being the sole judges of what weight will be given the evidence.

6. **Larceny ⬨68(1)—Receiving stolen goods ⬨9(1)—Evidence of corpus delicti held sufficient to go to jury.**

Evidence that hogs peculiarly marked were stolen from prosecuting witness, that defendant was seen leaving the place in company with a man who was carrying a dead animal, and that on that night a freshly killed hog bearing the mark of prosecuting witness was found in defendant's possession, and that he explained his possession by claiming he purchased it from a stranger, held sufficient proof of corpus delicti to warrant submitting to the jury counts charging both larceny and receiving stolen goods.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

John Humphrey was convicted of buying, receiving, concealing, etc., one hog of the value of $12, personal property of one R. S. Cross, and he appeals. Affirmed.

Certiorari denied 206 Ala. 699, 90 South. 925.

The facts on which the opinion is rested, sufficiently appear therefrom. Defendant was convicted on a charge of buying, receiving or concealing stolen property, and from the judgment he appeals.

W. T. Stewart, of Birmingham, for appellant.

Counsel discuss the refusal of the court to permit the jurors to be interrogated as to their relation to the state's witnesses, but without citation of authority. The court erred in overruling defendant's motion to exclude all the evidence because the corpus delicti had not been proven. 133 Ala. 150, 31 South. 806, 91 Am. St. Rep. 21; 155 Ala. 94, 46 South. 470; 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. On the trial and when the jurors were called to be selected to try this case, defendant's counsel requested the court to qualify the jurors by asking them this question, "Are you related to Moses Howard and Jim Dukes, witnesses for the state?" and stated to the court that he expected the evidence to show that the witnesses named had

formed a conspiracy to convict the defendant, and for that reason he would like to know before the jurors were qualified and before they proceeded to strike the jury if any of the jurors were related to these parties.

[1, 2] It is, of course, the duty of the trial judge to see that the defendant is tried before a fair and an impartial jury, and it will be presumed that in this respect the trial court performed that duty, unless it clearly appear to the contrary. James' Case, 53 Ala. 381. But the defendant will not be permitted to speculate as to what the answers to questions will be, and in stating what the defendant expected the evidence to show it did not appear that defendant expected the answer of the jurors to show that they were related to the witnesses named, nor does it appear from the bill of exceptions that such was the case. As presented by the bill of exceptions, the court was not in error in sustaining the state's objection to the question asked.

[3, 4] The objection by defendant to the question asked by the solicitor, "Were any of your hogs that were marked that way stolen from you?" was objected to on the specific ground that it was leading. This waived other grounds of objection, and as to this ground the question was within the court's discretion.

After carefully reading the evidence, we are of the opinion that the trial court was correct in the ruling that there is evidence in the bill of exceptions tending to show that the corpus delicti had been proven, and, being correct in this, it was not error for him to so state.

There is no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[5, 6] It is urged by counsel, on application for rehearing, that the record fails to show proof of the corpus delicti. The question to be determined here is, not whether there was enough proof, but was there sufficient proof to go to the jury upon that question to sustain the verdict; the jury being the sole judges as to what weight will be given the evidence. And while under the rule this court is not required to review the evidence, the insistence of appellant's counsel is so urgent, we feel impelled to say: The defendant was indicted in two counts with larceny of a hog and receiving stolen property knowing it to have been stolen. Was the hog stolen? There disappeared from the farm of R. S. Cross 15 or 20 hogs, about the time the hog in this case is alleged to have been stolen; some of these hogs were marked with an underbit in the center of the right ear; the defendant owned no such hogs; nobody else in that community are shown to have owned hogs having that mark; the de-

fendant lived about one mile from Cross, and was seen in company of one Manning coming in the night from the direction of Cross' place shortly after a gun had fired, and Manning was carrying a dead animal, either a goat or a shoat, and defendant was carrying a gun; on that night a hog freshly dressed, killed by a gunshot and having Cross' mark, was found in the house of defendant, and when the defendant was asked by the officers where he got the hog he gave the common thief's answer, that he bought him from a stranger by the side of the road. There were other facts and circumstances to support the state's theory of the case, but the above was ample to submit the question to the jury on both counts.

Application overruled.