41 So.2d 622

## MEDLOCK v. STATE.

### 3 Div. 908.

Court of Appeals of Alabama.
June 21, 1949.

John N. McGee, Jr., and Virgil McGee, of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted on an indictment charging him with the larceny of eight cows and a calf, the property of F. S. Bembo.

The evidence introduced by the State tended to show that on or about July 19,

1948 Mr. F. S. Bembo missed eight cows and a calf from a herd of cattle he kept in a pasture near Pine Level in Montgomery County.

At the time the cattle were discovered to be missing by Mr. Bembo he observed tracks of a truck that indicated it had been backed up to a loading chute in the pasture, and a pole near by of a kind used to prod cattle along the chute.

Mr. Bembo described the missing cows and calf in detail, and stated that all but the calf were branded on the left hip with the letter "B."

Mr. Frank W. Hamrick, a witness for the State, testified that on July 13, 1948 the appellant, accompanied by another white man came to his stock yard in Birmingham, Alabama, with a truck load of cattle. Mr. Hamrick bought the cattle, consisting of eight cows and a calf, and gave appellant a check therefor in the amount of $865.55.

All of the cows were branded on the left hip with the letter "B." The description of the cows and the calf given by Mr. Hamrick was substantially similar to the description of the missing cattle given by Mr. Bembo.

At the time of the sale to Mr. Hamrick the appellant told him that the cattle belonged to his mother-in-law.

The cattle were unloaded at Hamrick's yard. The appellant then requested cash instead of a check, but this request was not complied with. Later appellant requested that Hamrick identify him at a bank where they met up. This request was also refused by Hamrick.

Thereupon the transaction was rescinded by the parties, the check returned to Hamrick, and the cattle to appellant and his companion. They were not thereafter seen by Hamrick until the trial in Montgomery.

Further evidence by the State tended to show that appellant and his companion, who was appellant's father-in-law, were later located in jail in St. Louis, Missouri, from which State they were removed to this State by extradition process.

The appellant, after being returned to this State, told the Sheriff of Montgomery County that he had bought the cattle from some Negroes he had met on a highway somewhere out from Montgomery. He did not know the name or address of any of these parties, nor did he obtain a bill of sale from them.

The appellant, testifying in his own behalf, claimed he had bought the cattle as above set forth. He also stated that after leaving Hamrick's yard he had shortly sold the cattle to some white man, whose name he did not know.

Appellant further testified that when Hamrick refused to identify him at the bank he presumed the check was bad and demanded the cattle back, and Hamrick returned the cattle only after appellant threatened to call the police.

It is our opinion that the evidence was sufficient to go to the jury upon the question of the establishment of the corpus delicti, and sufficient to sustain the jury's verdict rendered thereon. Humphrey v. State, 18 Ala.App. 251, 90 So. 504, certiorari denied 206 Ala. 699, 90 So. 925.

The ruling of the court was invoked continuously during the trial below. Much uncalled-for colloquy was indulged in by counsel on both sides. We commend the patience of the trial judge.

We have examined these rulings. In our opinion the objections interposed were in most instances patently without merit, and involved evidentiary points without novelty and long settled by the decisions of this State. We therefore refrain from discussion of them, for no useful purpose would be served thereby.

We are clear to the conclusion that no error probably injurious to appellant resulted from any of these rulings.

It is further our opinion that no error resulted in the lower court's action in denying the one charge requested in writing by appellant, or in overruling his motion for a new trial.

Affirmed.

BRICKEN, Presiding Judge, not sitting.