41 So.2d 623

RHODES v. STATE.

3 Div. 909.

Court of Appeals of Alabama.

June 21, 1949.

482

John N. McGee and Virgil N. McGee, of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted on an indictment charging him with the larceny of eight cows and a calf, the property of F. S. Bembo.

It appears from the evidence introduced that this appellant was the person who accompanied and was present with Earl Price Medlock, who has also been convicted of the larceny of these same cows and calf.

The picture presented by the State's evidence in this case is of the same general tenor, and highly similar to that presented in the case of Medlock v. State, post, p. ——, 41 So.2d 622. We therefore refrain from setting it forth in detail.

The State did offer evidence in the present case tending to show that appellant, accompanied by Medlock, had been seen in the vicinity of Pine Level, in Montgomery County, near the time the cattle were discovered to be missing.

We have examined the innumerable rulings of the lower court. In our opinion these rulings were free of error probably injuriously affecting the substantial right of this appellant.

It is further our opinion that the evidence presented by the State in this case was sufficient to go to the jury upon the question of the establishment of the corpus delicti, and sufficient to sustain the jury's verdict rendered thereon. Medlock v. State, supra, and cases cited therein.

In the present case one of the grounds for the motion for a new trial is that the lower court erred in overruling appellant's motion for a mistrial made in the trial below on the basis that the appellant was brought into the presence of the jury in handcuffs.

In response to appellant's motion for a mistrial in this instance the trial judge stated: "The court overruled the motion, because it is customary that any defendant charged with a felony, when brought from the jail to the court house, is handcuffed."

Aside from the fact that the record fails to show an exception to the above ruling of the court, thereby precluding a review, Vol. 7, Alabama Digest, Criminal Law, ⊙ 1054(1), the above action did not constitute error. As observed in Smith v. State, 247 Ala. 354, 357, 24 So.2d 546, 548: "There is a marked distinction between handcuffing a prisoner in carrying him to and from the court trying him and then immediately removing it and in keeping him in shackles and handcuffs while being tried. * * *"

Several objections, or motions for a mistrial were made by defense counsel based on certain statements made by the Solicitor in his argument to the jury. It is clear that in all such instances the court apparently ruled in defendant's favor. At any rate no exceptions were reserved to such rulings.

■ In the one instance where an exception was reserved the record shows the following:

"The argument was opened by the Solicitor for the State, and during the argument, Mr. McGehee objected to the statement of the Solicitor 'Of course, I cannot comment on the defendant not testifying in the case,' and moved the Court to exclude that statement.

"The Court: As a matter of fact, he cannot comment on the fact.

"Mr. McGehee: We except. (Argued.)

"The Court: No. He said the defendant has got a right to testify. That is true. The Solicitor said he had no right to comment on the fact that the defendant did not testify, and he did not comment on that. If he did, it did not get to the hearing of the Court.

"Mr. McGehee: Just a minute, I move for a mistrial.

"The Court: Let me get this part straight, and then we can go ahead. The defendant has a right to testify or not testify, just as he desires, and the fact that he doesn't testify cannot be commented on by the Solicitor, and couldn't be counted against him. He has that right. Under the law, he can testify or not testify. It is not to be taken against him if he does not testify. The Solicitor has no right to comment on the fact that the defendant did not testify. Now, let's go on."

When the court's expression "As a matter of fact, he cannot comment on the fact" is taken by itself it is difficult for us to infer whether the court was ruling for or against the defendant. In light of the entire statement by the court it appears more logical that the statement infers a ruling in defendant's favor. The court's entire statement appears to constitute an attempt to eradicate any error resulting from the Solicitor's statement that he could not comment on defendant's "not testifying in the case." Such argument of course violated elemental rules of forensic propriety. In light of the court's full statement, which tends to eradicate this error, and the state of the record pertaining to this instance we are, however, unwilling to reverse this case because of such incident.

Affirmed.

BRICKEN, P. J., not sitting.