52 So.2d 238

## BEANS v. STATE.
### 4 Div. 167.

Court of Appeals of Alabama.
April 17, 1951.

Walters & Gibson, of Troy, for appellant.

Si Garrett, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was tried and convicted for the offense of grand larceny.

The property involved was two cases of shotgun shells of the value of about $80.00.

The evidence for the State tended to show that the appellant formerly worked as a porter for the B. D. Whigham Hardware Company. Some time after this relationship terminated, the hardware company missed the property in question from its place of business.

When the defendant was questioned about the theft, he admitted that he took the two boxes of shells from the store building and sold them to some named persons.

Objections were interposed to the introduction of appellant's confession on the ground that the corpus delicti had not been established.

The State's witnesses who testified about missing the property were unable to give the exact time it was removed. They could only say that the shells were stored in the rear portion of the store and at a later time some one, without permission or authority, removed them from the building.

■ The establishment of the corpus delicti did not necessarily depend on proof of the exact time the offense was committed. Neither was it required that the identity of the accused be proven. Vernon v. State, 239 Ala. 593, 196 So. 96.

■ "The corpus delicti is a compound fact made up of two things: The existence of a certain act or result forming the basis of the criminal charge, as the occurrence of an injury or loss; and the existence of a criminal agency as the cause of this act or result." 23 C.J.S., Criminal Law, § 916, page 181. See also, Weaver v. State, 24 Ala.App. 208, 132 So. 706; Medlock v. State, 34 Ala.App. 485, 41 So.2d 622.

■■ There is no merit in the position that the confession was not admissible on account of a failure to establish the corpus delicti.

During the progress of the trial, appellant's counsel had a subpœna duces tecum issued to a State's witness who was an active partner in the hardware company. The subpœna called for the presentation in court of a number of documents, including invoices, inventories, and records of all employees of the company. For most of these records the request was made to cover a period from January 1, 1949, to January 1, 1950.

Many of these had no material bearing on the factual issues in the case. To illustrate, the subpœna included: "(2) Inventory of prosecutors as of Jan. 1, 1949, and Jan. 1, 1950."

■ Clearly the trial judge did not abuse his discretion in refusing to delay the trial proceeding for time and occasion to gather all of these documents and present them in court. The ends of justice did not require the summary production of all of these papers.

■ Unquestionably the accused was not entitled to the general affirmative charge, nor was the motion for a new trial improperly overruled.

■ Written charge number 2 refused to defendant is invasive of the province of the jury and argumentative.

There is no prejudicial error appearing in the record.

The judgment below is ordered affirmed.

Affirmed.