78 So.2d 668

Clarence ROGERS, alias,

v.

STATE.

8 Div. 529.

Court of Appeals of Alabama.

March 8, 1955.

J. D. Carroll, Jr., Huntsville, for appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, Clarence Rogers, was indicted and convicted for forgery. The instrument in question is a check in the amount of $50.

Without dispute in the evidence the check was forged.

James Miller was also indicted for the commission of the same offense and he entered a plea of guilty. He was, therefore, an admitted accomplice.

The State relied primarily on the testimony of Miller in its effort to make out a case against the appellant. Miller testified that he wrote out the check and forged the name at the suggestion and insistence of the defendant. The couple then went to a service station and got the check cashed. The money received was divided between the witness and the appellant.

The service station employee testified concerning the visit of the two parties to his place of employment and stated that the check was there cashed.

The employee knew Miller and identified him as one of the persons present. He was not acquainted with the defendant and was unable to say that he was the other party.

In a statement made and signed by the appellant, he stated that he saw Miller prepare the check. He also admitted that he accompanied Miller to the service station.

 The court overruled objections to the introduction of the written statement. The appellant posed the position that the corpus delicti had not been established and hence the confession was not admissible. There is no merit in this contention. Prior to the introduction of the confession the State made proof that the check in fact had been forged. This was sufficient to establish the corpus delicti. It was not necessary, as insisted, that the State should introduce evidence which tended to implicate the accused in the commission of the offense. Vernon v. State, 239 Ala. 593, 196 So. 96; Beans v. State, 36 Ala.App. 65, 52 So.2d 238; Weaver v. State, 24 Ala.App. 208, 132 So. 706; Medlock v. State, 34 Ala. App. 485, 41 So.2d 622; 23 C.J.S., Criminal Law, § 916, page 181.

■ When the introduction of the testimony was concluded, the appellant made a motion to exclude the evidence on the ground the testimony of the admitted accomplice had not been sufficiently corroborated. Title 15, Section 307, Code 1940.

As we have indicated in the recitation of the evidence, the service station's employee testified that Miller and another person were together when the check was cashed. The confession of the appellant made it certain that the unidentified person was the defendant. This chain of circumstances constituted sufficient proof to meet the demands of the statute. It strengthened the probative criminating force of the testimony of the accomplice and tended to connect the defendant with the participation in the commission of the offense charged.

The court properly overruled the motion of concern. Burns v. State, 246 Ala. 135, 19 So.2d 450; Malachi v. State, 89 Ala. 134, 8 So. 104.

The presented questions to which we have not responded are not sufficiently meritorious to warrant any discussion.

The judgment below is ordered affirmed.

Affirmed.