217 So.2d 828

**Mike WILLIS**

v.

**STATE.**

**4 Div. 685.**

Court of Appeals of Alabama.

Jan. 14, 1969.

Powell & Sikes, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was adjudged guilty of larceny of an automobile after a jury trial and was sentenced to three years in prison.

Upon appeal counsel urges the insufficiency of the evidence, (1) to establish the corpus delicti independently of the confession, (2) to warrant a conviction.

Mrs. R. M. Rogers, witness for the state, testified that on February 6, 1968, she

drove a 1960 Chevrolet Biscayne automobile to her place of employment, the Opp Cotton Mills, and parked it in the parking lot. She worked the second shift, 2 o'clock in the afternoon until 10:00 at night. The car was missing when she got off from work. She and her husband bought the car but title was taken in the name of her husband. The value of the automobile was about $400.00.

That same evening the police told her to go to Jack's Service Station on the Brantley Highway north of Opp, where she saw her automobile. The front end of the car had been damaged.

Officer Truman, a police sergeant, testified that about nine o'clock Tuesday night, February 6, 1968, he found a 1960 Biscayne automobile nosed down in a ditch at the ball stadium; that he made a report on the car and had it towed in. About twenty minutes later Mrs. R. M. Rogers came to the police department and filed a report that her car was missing. She was informed the car had been found and she identified it as her car.

Charlie Clark testified that during the first part of February, 1968, he operated a Foster Oil Station in Opp. He stated, over objection, that sometime in the first part of February Mike Willis told him at his service station that he and one Kyser had stolen a car the night before, "seems like it was a '60 Chevrolet, he said" from the parking lot at the cotton mill, had driven it around and "run it off in a ditch back of the ball park." Defense counsel moved to strike his testimony on the grounds the proper predicate was not laid; the persons present were not identified; no date was mentioned. The motion was denied.

The witness had said there were people present when defendant made the statement but he did not remember their names. He knew there were no police officers present. The witness stated no one questioned the defendant, he just volunteered the statement.

■ The defendant's confession, shown to have been volunteered and not made in answer to questioning by anyone, was admitted without error, and the motion to exclude was properly overruled. Guenther v. State, 282 Ala. 620, 213 So.2d 679.

On cross examination the witness Clark testified that later in the week he was down at the Opp Police Station discussing some missing tools and that the statements made by defendant were brought up then.

On redirect examination the witness testified he did not report the statements made by the defendant immediately because he did not believe the defendant.

After the State rested, the defendant called Charlie Clark for further cross examination. Clark testified that in January of 1968, he lost some money from his service station and had questioned the defendant about it. "I wouldn't say that Mike took it. There is no way to prove it."

On redirect examination the witness testified he did not go to the police about the defendant's having said he had taken the car. The police came and asked him about it.

■ The testimony of Mrs. Rogers that she parked the automobile in the parking lot and that it was missing when she left work, together with the evidence of the missing report filed with the police department, was sufficient to establish the corpus delicti of the offense so as to authorize the introduction of the alleged confession. Pate v. State, 36 Ala.App. 688, 63 So.2d 233; Beans v. State, 36 Ala.App. 65, 52 So.2d 238.

■ The evidence was sufficient upon which the jury could find the crime had been committed and that the defendant was the guilty agent. The motion for a new trial was properly overruled.

We find no error in the record which would authorize a reversal. The judgment is affirmed.

Affirmed.