307 So.2d 96

**Earl K. SIMMONS, Jr.**

**v.**

**STATE.**

**8 Div. 548.**

Court of Criminal Appeals of Alabama.

Jan. 21, 1975.

Timberlake & Werdehoff, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State, appellee.

TYSON, Judge.

The two-count indictment charged the appellant with the grand larceny, and also with buying, receiving, concealing, or aiding in concealing, one red 1965 Chevrolet

Malibu automobile, the personal property of one Gary Ivey. The Jury found the appellant guilty as charged, and the trial court then entered judgment, setting sentence at five years imprisonment. The appellant's motion for new trial was denied.

Gary Ivey testified that on October 2, 1973, he lived at Lot 7, Owens Trailer Court, on Newby Road in Madison County. He testified that he owned a red 1965 Chevrolet Malibu automobile, and that its value was about $800.00. He stated that he parked his vehicle that evening in front of his trailer home. He stated that on the following morning he arose about 6:00 and went outside and that his automobile was missing.

He stated that after looking for the car, he made a report that morning to the Huntsville Police Department and gave a description, including the motor serial number of the vehicle. On cross-examination he testified that he later saw the motor at a garage in Huntsville and identified it by the motor serial number.

Officer Randall Tichenor testified that he was a patrolman for the Huntsville Police Department, that on October 3, 1973, he received a report from Gary Ivey, Owens Trailer Court, concerning the theft of his 1965 Chevrolet Malibu automobile, and that he obtained the motor serial number to this vehicle, and also its value. The officer stated that Ivey told him that the automobile was missing from the front of his trailer when he arose that morning.

Detective James Gossett of the Huntsville Police Department testified that he first interviewed the appellant on the afternoon of October 25, 1973, at the Huntsville Police Department, and that there were also present at this time Investigator Greene from the Sheriff's Department, and the appellant's attorney, who had conferred with appellant prior to questioning. After giving the appellant the full "Miranda Card" warning, the appellant told him that he knew where some stolen automobiles were, that he had nothing to do with the

theft of them, but that Gary Shores and a couple of other boys had taken the automobiles across the State line to a cotton field near Vann Town, Tennessee, and there stripped them.

Detective Gossett testified that he went to the location given him by the appellant with other officers and there found a red 1965 Chevrolet Malibu automobile which had been burned and stripped near Vann Town, Tennessee, that other automobiles were also located there, and photographs were made of the vehicles.

Detective Gossett testified that he next talked with appellant on October 27, 1973, together with Investigator Greene.

Investigator Leon Greene of the Madison County Sheriff's Department testified that he interviewed the appellant on the afternoon of October 25, 1973, at Huntsville Police Headquarters. He stated that Detective Gossett read a Miranda Card warning to the appellant, that the appellant's attorney was present and had talked with appellant prior to the interview. On this occasion the appellant told the two officers that he knew where five stolen automobiles were located, that they were in a cotton field just across the Tennessee line near Vann Town. He told them that the cars had been stripped and burned, and that parts had been removed from them.

Investigator Greene testified that he and Detective Gossett went to the cotton field near Vann Town and there found five partially stripped and burned automobiles, and that they took photographs of them.

Investigator Greene further testified that he and Detective Gossett next talked with appellant in the company of Detective Bost at the Madison County Jail on October 27, 1973. He testified that Detective Bost read a "Miranda Card" warning to the appellant, and that he had also just finished talking with his attorney. On this occasion the appellant told the two officers that he had stolen a red 1965 Chevrolet Malibu automobile from near "Ogle's Trailer

Park" on Newby Road, and that the automobile was partially stripped, burned, and left in a cotton field. This conversation lasted about fifteen minutes.

Investigator Greene further testified that he next interviewed the appellant on October 29, 1973, and that this third conversation took place at the Madison County Jail. He testified that only Investigator Garso from the Sheriff's Department was present with him on this occasion, and that prior to talking with the appellant he gave the appellant a "Miranda Card" warning.

From the record:

"Q. Did you read these from a prepared card?

"A. Yes sir.

"Q. Do you have that card with you?

"A. Yes, sir.

"Q. Would you read those rights?

"A. 'Miranda Warning. You have the right to remain silent. If you choose to talk, you may stop talking at any time. Anything you say can and will be used against you in a court of law. You have a right to talk to a lawyer of your own choosing or with anyone else, and you may have your counsel present during any questioning or during any statement you may make. If you cannot afford an attorney one will be appointed for you free of charge before any questioning. Waiver: Do you understand each of the rights just stated to you? Do you understand that we're not threatening you nor are we promising anything in order to secure a statement from you? With these rights in mind, do you wish to talk to us?'

"Q. Were these the same rights that had been read to him on the two previous occasions?

"A. Yes, sir.

"Q. Did the Defendant indicate to you that he understood what you were reading to him?

"A. Yes, sir.

"Q. After you read him these rights, then is that when he gave you the information concerning this theft?

"A. Yes, sir.

"Q. What, if anything, on the 29th did he relate to you concerning the theft of this 1965 automobile?

"A. He related that he did steal this automobile with two other persons and take it up to near Vann Town.

"Q. Did he describe on this occasion the automobile that he was talking about?

"A. Yes, sir. His terminology was Malibu.

"Q. Did he give you the year?

"A. 1965 Malibu.

"Q. Were there two F.B.I. agents with you on this occasion?

"A. No, sir.

"Q. But I believe those agents were with you on the 25th?

"A. Yes, sir.

"Q. And I believe his lawyer was also with him on that occasion, wasn't he?

"A. Yes, sir."

On cross-examination, Investigator Greene testified that they had discussed several missing automobile cases with the appellant, and that the appellant had once told them "that if they would not prosecute him for the theft of a mustang, he would tell them where the five stolen cars were." Investigator Greene further stated that the appellant's attorney was present on this occasion, and that they told the appellant in the presence of his attorney that they had no authority to make any deals whatever. Following this, the appellant then told the officers the location of the five missing automobiles near Vann Town.

Detective Floyd W. Bost, Sr., of the Huntsville Police Department testified that

he was investigating the theft of a Chevelle Malibu, and that in the course of this investigation he had interviewed the appellant on October 27, 1973, at the Madison County Jail. He testified that Sheriff's Investigator Leon Greene and Detective Gossett were present and that prior to talking with the appellant he read a "Miranda Card" warning to the appellant, that also he asked the appellant if he understood each of the rights, to which the appellant stated he did, that he also advised the appellant that there were no threats, promises, or other inducement made to the appellant, and that appellant stated that he understood, but he wished to talk to the officers. He further testified that at this time no one threatened the appellant, and that there were no promises or inducement made to the appellant.

Detective Bost stated that the appellant made the following statement on this occasion:

"A. He stated at 3:50 P.M. October the 27th, 1973, which was on Saturday, he and Johnson and Montgomery took a 1965 Chevrolet Malibu, red in color, to Vann Town, Tennessee, and stripped it down and burned it. They also stated at the time the car was taken from Ogle's Trailer Court on Newby Road."

On cross-examination Detective Bost testified that he offered to call appellant's attorney back over before taking this statement, but the appellant told him that he did not need to talk with his attorney, that he then asked appellant if he would make a written statement, but he said he did not want to.

Austin Montgomery testified that he was nineteen years of age, and that he was presently in the penitentiary of the State of Alabama. He testified that he had not been threatened or had any inducement or promises made to him to secure his testimony. He testified that on the night of October 2, 1973, he and Earl Simmons, the appellant, together with Jackie Johnson and Gary Shores, went to "Ogle's Trailer Court" on Newby Road, took a red 1965 Chevrolet Malibu automobile, drove it to a cotton field near Vann Town, Tennessee, and there stripped it. On cross-examination, Montgomery stated that he did not tell the officers about the appellant because he was trying to protect him.

The appellant, Earl K. Simmons testified that he was picked up by Madison County police officers and was interviewed on October 25, 1973, at the Huntsville Police Station by Detective Gossett and Investigator Greene. He testified that he did talk with an attorney that day, and that his attorney told him not to say anything. He denied telling Detective Gossett later that day where five missing automobiles were located. He testified that he talked with two F.B.I. agents that day, and told them that he wanted to go back to California, and that he would tell them where five cars were if they would help him get there. He denied making a statement to either Investigator Greene or Detective Bost that he had taken the 1965 Chevrolet Malibu automobile from the "Ogle's Trailer Court" and driven it to Vann Town, Tennessee. He further testified that he had only seen Austin Montgomery casually, and that he was not telling the truth about the four of them taking the automobile. Appellant denied having anything to do with the five missing automobiles, including the 1965 Chevrolet Malibu.

I

The appellant contends that the voluntariness of his alleged statements to the officers on October 25, 27, and 29, 1973, was not here established in the case at bar.

We have carefully examined this record and find that, in addition to giving the appellant a full Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, warning prior to interrogating him, a proper pre-Miranda predicate was also laid.

Detective Gossett, Investigator Greene, and Detective Bost all testified

that they advised the appellant that he did not have to give a statement, that he was offered no inducement or promises whatever to obtain a statement, that in fact his attorney had talked with him prior to their first interview, and was present during the first statement given to the officers on October 25, 1973, that there were no threats made, and that in fact the officers told the appellant that they could not make any deal with him. This predicate was also established at the interviews on October 27 and October 29. The trial court on each occasion properly excused the jury during the laying of this predicate, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Duncan v. State, 278 Ala. 145, 176 So.2d 840; and Smith v. State, 282 Ala. 268, 210 So.2d 826.

■ We are of the opinion that the officers here fully advised the appellant of his rights, and that his statements were properly admitted in evidence by the trial court. Gamble v. State, 48 Ala.App. 605, 266 So.2d 817, and authorities therein cited: Crowe v. State, 54 Ala.App. 121, 305 So.2d 396, 1974.

## II

Appellant asserts that a felony conviction may not be had on the uncorroborated testimony of an accomplice, citing Title 15, Section 307, Code of Alabama 1940.

■ It is clear here that the officers were apprised of the missing automobile and had an accurate description of same. Further, the appellant, on two separate occasions, after being properly advised of his rights, gave the officers a statement admitting his participation in the theft of the vehicle in question. We are clear to the conclusion that the tests of Sorrell v. State, 249 Ala. 292, 31 So.2d 82; and Burns v. State, 246 Ala. 135, 19 So.2d 450, were here met.

■ It is not necessary that corroborating evidence refer to any particular statement or fact testified to by the accomplice.

If it strengthens the probative criminating force of his testimony and tends to connect the defendant with the commission of the offense, it is sufficient to warrant the submission of the issue of guilt or innocence to the jury. Burns v. State, supra; Wyatt v. State, 51 Ala.App. 226, 283 So.2d 675; Bridges v. State, 52 Ala.App. 546, 295 So.2d 266, and authorities therein cited.

We have carefully examined this record, including all rulings adverse to the appellant, together with the trial court's oral charge, and the motion for new trial, and find same to be free from error. The judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.