CLARK, Retired Circuit Judge.
The major issue presented on appeal is whether there was sufficient evidence to support appellant’s conviction of grand larceny. Appellant contends that there was no evidence connecting defendant with the crime other than that of his two accomplices. Appellee takes the position that one of the two was not necessarily an accomplice and further that, even if he were, there was corroborative evidence of defendant’s guilt.
On December 28, 1977, eighty-seven dollars in cash was taken from the cash register of a service station of Charles Lee Burks in Roanoke, Alabama.
Mr. Burks testified that Jerry Parker, Harvey James Owensby and Harvey Holli-day came to his filling station on the morning of December 28, 1977; that he (Mr. Burks) checked the oil in the automobile in which they were riding; that Jerry Parker entered the store at that time and bought a package of cigarettes. Thereafter Mr. Burks rang up the fifty-five cent sale and gave Parker forty-five cents in change. Parker, Owensby and Holliday then left in the automobile. Soon thereafter on the same morning all three returned to the station and one of them requested that Burks put some oil and gas in the automobile. According to Mr. Burks’ further testimony, he was paid for the gas and oil by one of the three men, who again rode off in the automobile. Promptly thereafter Mr. Burks was in the process of registering the sale on his cash register and while doing so noticed that an unauthorized ninety-nine-dollar sale had been registered thereon. He found the sum of eighty-seven dollars missing from his cash register. Police were promptly called, and the three men were apprehended. Both Owensby and Holliday testified for the State on the trial. Their testimony, if true, was unquestionably sufficient to show that Parker took the eighty-seven dollars from the cash register.
There is no disagreement between the parties as to the legal question of the sufficiency of evidence to corroborate testimony of accomplices. A resolution of the factual issue on the point revolves around a dispute or misunderstanding as to a principal part of the testimony of Mr. Burks. Appellant in his brief says that such testimony was as follows:
“Mr. Burks testified that the car with the three (3) individuals returned and someone requested that he put some gas and oil in the car (See Record Pages 25-27). He testified that all three (3), Parker, Owensby and Holliday got out of the car and that two (2) stayed with him while the third went somewhere. Mr. Burks could not identify Jerry Parker as being the one who did not stay with him (see Record Page 33). Mr. Burks further testified that he never saw Jerry Parker in the store other than when he sold him the *463 Kool Cigarettes (See Record Pages 28 and 35).”
Appellant is correct in indicating that there was uncertainty upon the part of Mr. Burks as to which of the three men went out of the presence of Mr. Burks while he was servicing the automobile. He is not correct, however, if he means that there was no testimony of Mr. Burks that Parker did not leave the car and go elsewhere during that time. To the contrary, Mr. Burks testified upon cross-examination as follows:
“Q My question was, did you see — you testified earlier that you saw Jerry Parker coming out of the store the second time. Then, later on, in answer to the Judge’s question, you said, ‘No, I can’t say Jerry Parker came out.’ Now, which one is the one that you want to rely on?
“A Well, the other two — well, the second time, I am sure that the other two was out there with me all the time.
“Q Is it your testimony that Jerry Parker went back into the store that’s the second time they came back?
“A That’s my testimony, that he wasn’t out there with me the other two was, I don’t know where he was.
“Q Is it your testimony he went in the store?
“A Well, I couldn’t say whether he did or didn’t but somebody did.
“Q So, you are not telling this jury that Jerry Parker went in that store the second time they came, are you?
“A Well, there wasn’t nobody else around there.
“Q But, you are not telling them definitely that you saw Jerry Parker go into that store.
“A I did not see him go into the store.
“Q And, you are not telling the court, definitely for sure that you remember that Jerry Parker wasn’t standing out there as one of the other two, are you?
“A Yes sir. Because, the other two were short, and Jerry was tall, I remember that.
“Q But you didn’t see anybody go into the store?
“A I did not.”
The quoted testimony, in connection with the other testimony which shows almost conclusively that no one else was in the store at the time the money was taken from the cash register, constitutes substantial circumstantial evidence of appellant’s guilt. This being true, there is no necessity for a discussion of whether both of the other two men were accomplices to the crime.
Appellant also contends that the court committed reversible error in overruling defendant’s objection to a part of the closing argument of counsel for the State as shown by the following:
“What are you doing, if you come back with a verdict of not guilty, you are sentencing the citizens of this County, and we will be going through that again within a three (3) month period of time. I guarantee you, it never fails, a man will be back in Court the next term of Court, if not sooner.
“JOHN TENNEY — We object to that.
“COURT — Overruled.”
Appellant argues that the particular argument indicates “that this man was a repeat offender.” We do not think so. Although there is some ambiguity in the argument, we construe it as argument to the effect that defendant would be a repeat offender within three months if he was found not guilty. It is clear, we think, that it was not based on a criminal record of defendant, if any, but upon the attorney’s conclusion as to the propensity of criminals in general that unless punished they will continue to commit crimes. Any reasonable jury could be expected to discount fully the mathematical inaccuracy and exaggerated features of the argument. Such inaccuracy and such features were patently hyperbolic. Without approval of the hyperbole, the license given it by rhetoric forbids our condemnation of it. Reasonable people recognize it promptly as figurative language and do not accept it literally. The court could have well sustained defendant’s objection but did not commit reversible error in overruling it.
*464 We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.