LEIGH M. CLARK, Retired Circuit Judge.
The main issue presented by the parties is whether appellant was denied a speedy trial which resulted in his conviction on October 12, 1978, of the crime of the sale of heroin.
The conduct of defendant furnishing the basis for the indictment occurred on September 7, 1976.
In support of his argument that he was denied a speedy trial, appellant emphasizes the twenty-five months between the alleged offense and his trial. By his own contention, it is to be readily observed that the case was hardly ever quiescent. Extraordinary activity is to be noted on the part of both parties from the beginning of the prosecution until defendant was tried and convicted. To give the details of all of such circumstances would extend this opinion beyond an appropriate length. We will summarize some of the significant circumstances.[1]
Defendant was indicted promptly, on September 22, 1976; he was arraigned and, accompanied by attorney, pleaded not guilty on October 19. On December 30 defendant’s attorney withdrew his appearance at defendant’s request. On January 28, 1977, defendant’s new attorney filed a composite motion, to dismiss, to release, for a more definite statement and for a bill of particulars. On February 28, he filed a motion “for a continuance of trial for a period of at least two weeks” and as one of the grounds stated that the “District Attorney and the attorney for the Defendant have not had adequate time to meet and comply with the Motion to Produce.” The continuance was granted.
On March 23, defendant filed a motion entitled: which was denied on April 1. Also on March 23, defendant filed a petition for examination of the evidence, which was granted on April 1. On April 19, defendant filed a motion for a continuance, which was granted.
“MOTION TO DISMISS; MOTION TO PRODUCE; FOR MOVE OF DEFINITE STATEMENT; FOR BILL OF PARTICULARS,”
The next motion of appellant was on April 21, which consisted of a motion to quash the indictment on the ground that the jury list from which the grand jury had returned the indictment against defendant of September 22, 1976, was unconstitutionally composed as “determined in Civil Action # 5059-68-H styled, ‘George W. Preston, et al., Plaintiffs, vs. John E. Mandevile, et al., Defendants,’ which decision was rendered on April 15, 1977, by U.S. District Judge W. B. Hand in the U.S. District Court for the Southern District of Alabama, Southern Division.” The motion was granted and the indictment was quashed on April 29, 1977.
The foregoing summary of the course of the case from its beginning until quashing of the indictment suffices, we think, to show that there was no substantial delay by reason of any fault of the prosecution. It further shows that most of the delay was by reason of a great amount of activity on the part of defendant in seeking relief that would enable him to better defend the case. This is not stated in any derogation whatever of such activity but merely to set the record straight as to the occasion for the expiration of the time between the finding of the first indictment and its vitiation.
Defendant was indicted again for the same crime on July 1,1977. No point seems to be made to the effect that the period of two months and one week between the quashing of the first indictment and the return of the second is chargeable as blameworthy to the prosecution, and we see no basis for such a contention.
The most nearly inactive period was between the indictment of July 1, 1977, and December 20 of the same year. Néither *973 party satisfactorily explains to us the reason. We note, however, that there was another change of attorneys for defendant upon arraignment on December 20. At least one of his previous attorneys had withdrawn his appearance at the request of defendant. The attorney appointed for him on December 20, 1977, has continued to represent him until the present time. During the next four months he filed at least five motions, two of which were granted. One of the motions denied was filed Jan. 6, 1978, and presented for the first time a contention that he had been denied a speedy trial. On April 26, 1978, he was tried and convicted, but on May 2, defendant filed a motion for a new trial which was granted on June 9. We see nothing in the record that supports a contention that there was any substantial delay caused by the prosecution occurring between the time the first indictment was quashed and the grant of defendant’s motion for a new trial.
On June 19, defendant filed a motion to dismiss, alleging primarily that he had been denied his constitutional right to a speedy trial but did not allege or imply any fault on the part of the prosecution. Furthermore, he did not ask for any dispatch in bringing him to trial again. On the contrary, he complained of the unavailability of a witness, whose unavailability he indicated would impair his defense of the case.
On August 28, 1978, defendant filed a Petition for Writ of Habeas Corpus. The theme of the petition was substantially the same as the motion to, dismiss, that there had been a denial of defendant’s right to a speedy trial. The petition was denied on October 2. His trial and conviction occurred on October 12, 1978.
Even if the time intervening between the commission of the crime and the trial resulting in the second conviction of defendant had been much more than the twenty-five months that actually intervened, we could not say that appellant was denied a speedy trial, without consideration of the three factors, in addition to the factor of length of delay, set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101, 117 (1972), namely, any assertion by the accused of his right to a speedy trial, the reason for the delay and any prejudice to the accused.
For any semblance of an assertion by the accused of his right to a speedy trial the record is silent until January 19, 1978, when he filed a motion to dismiss in which one of the grounds was that he had been denied his constitutional right to a speedy trial. Even then, sixteen months after his indictment, he did not ask for a trial. Assuming that his motion should be construed as an assertion of his right tó a speedy trial, it could not have served to have brought the attention of the prosecution, prior to the filing of the motion, to any desire on the part of defendant that he be tried as soon as feasible.
As to the reason for any delay, appellant makes no serious charge against the prosecution but is apparently content with the statement that he was not responsible for the delay. This is not the criterion as to such factor. The existence of fault on his part weights against him, but the absence of such fault would have little weight, if any, in the absence of fault on the part of the State. Mr. Justice Powell in Barker v. Wingo, distinguishes between fault consisting of a deliberate delay in order to hamper the defense and a delay consisting of “negligence or over-crowded courts” and states:
“ . Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.” 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117.
As to the fourth factor, any prejudice to defendant, appellant says that between the time of indictment and his first trial the whereabouts of an informer, who was in the automobile with an undercover agent when defendant sold the undercover agent the heroin, had become undeterminable and that “this witness would have assisted him in preparing his defense” and (2) that the “passing of time had caused him difficulty in remembering the events surrounding the time of the alleged sale.” As to (1), there is no evidence to the effect that the where *974 abouts of the particular informer would not have become undeterminable almost immediately after defendant was indicted. There is no showing whatever that the un-determinability of the whereabouts of such informer was worsened by reason of the passage of time between two or three months after the indictment and the date of defendant’s first trial. As to (2), the record shows the testimony of defendant as follows:
“A All right. Now, has the passage of time, two years from the time of this incident caused you any difficulty in remembering what occurred at these various dates?
“MR. PEARSON: Objection.
“THE COURT: Overruled.
A Somewhat.”
The nebulous answer furnishes little support for appellant’s contention that he was injured by the flux of time.
As to each of the three stages of the case:
(1) On the first indictment until it was quashed and another indictment returned,
(2) On the second indictment until there was a trial thereon, defendant was found guilty and a new trial granted, and
(3) On the next four months (June 9-Oc-tober 2) until defendant was again tried and convicted, there is little basis for any charge that there was a substantial and reasonably preventable lag in the proceedings. When the three stages are considered together, the period of twenty-five months in which one indictment had been quashed and two trials had been conducted on the other indictment, and all time-consuming circumstances narrated above are realistically appraised, we find that none of the four factors set forth in Barker v. Wingo, supra, weighs heavily against the State and that tested by the four factors as a whole, the score of the State is much more commendable than discreditable.
The suggestion of appellant that time between the first indictment and the quashing of it is chargeable to the State is thoroughly answered adversely to him by Hawthorne v. State, Ala.Cr.App., 362 So.2d 1275, 1277 (1978), in which an almost identical situation was presented.
There was no denial to defendant of his right to a speedy trial.
Somewhat interlinked with the question as to a denial of defendant’s right to a speedy trial is a special contention by appellant bordering on a charge against the State of the suppression of evidence. However, he does not make the direct charge. He says:
“The State’s failure to maintain track of this crucial witness,' when they had the ability to do so, i. e., her criminal charge, together with the State’s misleading of the defense attorney, amount to the suppression of evidence.”
The person called by appellant a “crucial witness” is the informer heretofore mentioned in connection with the question of any denial of defendant’s right to a speedy trial, who was in the automobile with an undercover agent when the sale of heroin was made by defendant. On January 5, 1978, defendant filed a Motion to Produce that included “the name and address of any witness or informer or witnesses or informers, who were present at the time and place that the alleged sales took place or who were instrumental in bringing about the alleged sale of heroin.” The motion was granted. There is no evidence, and appellant does not contend, that he or his attorney was not promptly furnished by representatives of the State of the name and last known address of said informer. Any implication that such informer was spirited away and made inaccessible is not supported by the record. The contention that the State was under a duty to maintain contact with her is not in accord with the authorities on the subject. Neither the State nor the United States can be expected to do the impossible.
“Informants in drug cases are not Brahmins, nor are they noted for long-term occupancy of well-tended premises. Their disappearance, voluntary or otherwise, is not extraordinary. The fact that a police officer knew that Lombardi was an habitue of Suffolk County bars or that *975 he might be in Florida is hardly indicative that the Government in fact could find him. In any event, as we have stated, defendant’s trial counsel did not show any real interest in finding him, but rather were satisfied to exploit his absence to the jury. There is no claim here that Lombardi would have been called as a witness for the appellants. There is no suggestion that Lombardi entrapped the defendants and that his evidence was therefore crucial to the establishment of a defense. . . .All that the record indicates is that counsel for the defendants wanted to interview Lombardi to see if he might be suitable as a witness. In sum, we have no reason to believe that his evidence would have been anything but cumulative.” United States v. Super et al., 492 F.2d 319 (2d Cir. 1974).
The record does not support the charge that there was a suppression of the evidence by the State, and consequently we cannot hold that there was a violation of defendant’s Due Process right.
The propositions discussed above and the evidence as to them were presented to the court on a petition for habeas corpus and, out of the presence of the jury, as a part of his trial for the crime charged. The court denied his petition for writ of habeas corpus and denied his motion to dismiss. Defendant appealed from the denial of the petition for writ of habeas corpus and from the judgment of conviction and sentence. By stipulation of the parties, the appeals have been consolidated. The evidence on the trial is without dispute and clearly shows that defendant was guilty of selling heroin as charged in the indictment. There is no contention to the contrary.
We have examined the record for error prejudicial to defendant either as to the case that resulted in his conviction and sentence or as to the proceeding based on his petition for habeas corpus and have found none. The judgments of the trial court as to both should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgments below are hereby
AFFIRMED.
All the Judges concur.

. One of them is that defendant was also charged with and indicted for another sale of heroin on or about September 11, 1976, which is now before us as Eddie Taylor v. State, 1 Div. 15, which will be separately considered and to which, to avoid confusion, little, if any, further reference will be made herein.