This case and the case of Eddie Taylor v. State,371 So.2d 971 (1979), are identical twins as to material facts, except for the location and size of a birthmark on each.
According to the undisputed evidence in this case, defendant sold two capsules of heroin to an undercover agent; according to the undisputed evidence in the other case, defendant sold four capsules of heroin to another undercover agent.
All of the issues presented in 1 Div. 10 are presented in the instant case. As to such issues, we adopt and apply herein our opinion in the other case.
Appellant presents two additional issues in this case. He states them as follows:
 "Whether the Court erred in overruling the Appellant's objection to the admission of drugs with no proper predicate [and] "Whether the Court erred in denying the Appellant's motion for mistrial when the Appellant was brought before the jury in handcuffs."
As to the first of such issues, contrary to the contention of appellant, the chain of custody of the particular "drugs" from the buyer — to an officer — to a toxicologist who examined it and testified that it was heroin is definitely established by the evidence.
The buyer, Senior Agent Barry Lee Newsome, of the Mississippi Bureau of Narcotics, testified as to the sale to him by defendant of two capsules. He further testified in answer to the question, "After the transaction took place, what happened?":
 "Mr. Taylor got — proceeded back to his car and about that time myself and the confidential informer departed. We arrived at Rodeway Inn on Government Streed where I turned the heroin over to Officer Pickett with the Narcotics Bureau here in Mobile."
Officer Walter Pickett testified:
 "On the 11th of September at approximately 11:15 P.M. at the Rodeway Inn, Agent Garry Newsome passed me two caps containing biocarbon substance. After he turned them over to me, I put them in an envelope, sealed the envelope, we both initialed the envelope and I turned it over to Ms. Tillman at the crime lab."
Ms. Allilee Tillman, a toxicologist with many years of experience testified at length on the matter of her receipt of the two capsules and their contents and her examination thereof and that the capsules contained heroin. Excerpts of her testimony are as follows:
 "Q I ask you — call your attention back to September 14, 1976, and ask you if you received any evidence in this case?
"A I did.
"Q From whom did you receive it?
"A Walter Pickett. *Page 389 
 "Q All right. Walter Pickett was with the City Narcotics?
"A Yes.
 "Q All right. And how was it packaged when Walter brought it to you?
"A It was in a sealed envelope.
"Q Okay, and what did you do with it when you got it?
 "A Gave him a receipt for it and examined the contents.
". . .
"Q Do you have the substance with you?
"A Yes sir.
 "Q Mark this for identification. Okay. Want to show you what's been marked as State's Exhibit No. 1 for identification purposes, and ask you if you can identify this package.
"A I can.
". . .
"Q Has anyone tampered with it since you sealed it?
"A No.
". . .
 "Q And, is this in fact the same substance which you took and examined?
"A It is."
The trial court was not in error in overruling defendant's objection to the introduction in evidence on the grounds stated by defendant "that there had been no proper predicate."
At the beginning of an afternoon session of the trial, the following occurred:
 "MR. HUGHES: Judge, if it pleases the Court to proceed, I think they are ready and Ms. Tillman is here. I would have a motion that I would ask to make out of the presence of the jury.
 "THE COURT: All right. Ladies and Gentlemen, once again I must ask you to please report to the jury room and we will send for you in just a moment.
 "(Out of the presence of the jury Mr. Hughes made the following oral motion.)
 "MR. HUGHES: Your Honor, if it pleases the Court, we would move for a mistrial on the following grounds:
 "The jury, the entire jury panel was seated in the jury box when the Defendant was brought into the Courtroom. I am sure that it was not intentional on the Deputy's part, but at the time Eddie Taylor was handcuffed. The jury could not help but see that, they were here. All of them were present when they saw him. We feel that it would be prejudicial to his case, and there is not way to eradicate [sic] that. It gives impression that he is a violent individual, has all sorts of evil connotations. We feel that that cannot be corrected, and would move for a mistrial.
"THE COURT: Deny your motion. Bring the jury back."
The possibility of some prejudice to defendant in what occurred as narrated by defendant's counsel is not to be ignored, but there is not a sufficient showing thereof to justify the conclusion that the trial court was in error in overruling defendant's motion for a mistrial. Appellant relies upon the sound general statement in Clark v. State, 280 Ala. 493,496, 195 So.2d 786, 788 (1967):
 ". . . All of the authorities we have studied are agreed that to bring a prisoner before the bar of justice in handcuffs or shackles, where there is no pretense of necessity, is inconsistent with our notion of a fair trial, for it creates in the minds of the jury a prejudice which will likely deter them from deciding the prisoner's fate impartially. . . ."
Not to be overlooked, however, is the distinction made in Clark
between handcuffing a prisoner in taking him to and from the court and in keeping him in handcuffs while he is being tried, unless there is reasonable ground for belief that such restraint is necessary to prevent his escape or his rescue.
 "Furthermore, it is not ground for a mistrial that an accused felon appear in the presence of the jury in handcuffs when such appearance is only a part of going to and from the courtroom. This is not the same as keeping an accused in shackles and handcuffs while being tried. Rhodes v. State, 34 Ala. App. 481, 41 So.2d 623." *Page 390 Evans v. State, Ala.Cr.App., 338 So.2d 1033, cert. denied 348 So.2d 784 (1977)
As indicated above, there was undisputed evidence that defendant was guilty of selling heroin as charged in the indictment. There is no contention to the contrary.
As in 1 Div. 10, it is stipulated by the parties that appellant's appeal from his conviction is consolidated with his appeal from the denial by the court of his petition for writ of habeas corpus. We find no error in the record as to either proceeding. The judgment of conviction and sentence and the judgment denying the petition for habeas corpus should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgments below are hereby
AFFIRMED.
All the Judges concur.