BOWEN, Judge.
The defendant was indicted in a two count indictment for grand larceny and for buying, receiving and concealing stolen property. The property involved was a “pulverizer” which is a piece of equipment used in landscaping and is pulled behind a tractor. The jury convicted the defendant of buying, receiving and concealing. Sentence was four years’ imprisonment.
The defendants major contention on appeal is that the evidence does not support the charge of buying, receiving or concealing stolen property because that same evidence shows that the defendant actually stole the property. Our review convinces us that the defendant’s argument has merit.
Coy Langford was the State’s first witness. He testified that on June 13, 1979, the defendant purchased a Massey Ferguson tractor and “a landscape bucket which went along with the tractor” from him. He identified a bill of sale reflecting the purchase of these two.items. Also listed on the bill of sale was a third item, a “Super Gill” pulverizer. Mr. Langford testified that he did not sell the defendant a pulverizer as indicated on the bill of sale and stated that he made out the bill of sale with “the exception of that third item.” The import of his testimony is that someone altered the original bill of sale by adding a third item — a Super Gill pulverizer.
On September 6, 1979, Physician William Graham Wood discovered that his Super Gill pulverizer was missing from a vacant field behind his office in Gurley. Dr. Wood purchased this pulverizer for $700.00 from the Ford Tractor Company in Huntsville. He identified the pulverizer found on Katherine Drive as being his. This identification was made “solely upon the replacement” of a particular nut on the pulverizer which was different from the other nuts on the machine. Dr. Wood did not know the defendant and had never given him permission to use or borrow the pulverizer.
Vernon Stork testified that he replaced the missing nut on Dr. Wood’s pulverizer and verified that he saw this same pulverizer on Katherine Drive after he had been informed that it was missing.
Earl King testified that he worked for the defendant in August of 1979. About three weeks prior to September 6, 1979, the defendant told King that “he (defendant) was going to pick up a pulverizer.” The defendant drove a tractor,- with King riding on the back, over to Dr. Wood’s clinic in Gurley. The pulverizer was sitting “right there between the doctor’s office.” Once they arrived, the defendant told King “to come on back and finish that yard” on Katherine Drive.
On cross examination of King by defense counsel, the following occurred:
“Q. So all you have got to do is get up here and tell this jury that this man stole a pulverizer and you are not going to have no charges against you, is that correct? That’s right, isn’t it?
“A. Yes, sir.”
On redirect examination by the prosecutor the following question and answer were given:
“Q. But there is no question in your mind that you rode down to Graham Wood’s with Mr. Guerin when he hooked on to that pulverizer, no question in your mind?
“A. No, sir.”
Rick Weaver was employed by the Madison County Sheriff’s Department. On the morning of September 6, 1979, he went to Katherine Drive to check on a pulverizer. At 2:00 that morning he observed the pul-verizer and noticed the serial number as being S8161 which was “a stick-on type *134 with the glue backing that you just stick on something.” When Deputy Weaver returned around 6:00 that morning the sticker bearing the serial number had been removed.
The trial judge refused to admit into evidence statements made by the defendant to Deputy Weaver and Investigator Earl Williams.
Bobby Crane owned the dealership for the Huntsville Ford Tractor Sales. On or about September 7, 1979, upon the request of the Madison County Sheriff’s Office, he checked serial number S8161[1] and discovered that it identified a Super Gill pulverizer in his stock. He confirmed that he actually had pulverizer S8181 in stock but noticed that the serial number was missing off the particular machine to which it belonged.
Raymond P. Wallace was employed at Huntsville Ford Tractor Sales. He testified that on September 7, 1979 [2], the defendant purchased a Super Gill pulverizer. Seven to ten days later, the defendant returned and asked Mr. Wallace if he had made a mistake on the date of the invoice. But Wallace checked and verified that the pulverizer was in fact purchased on September 7th.
With this evidence the State rested its case. No evidence was produced on behalf of the defendant.
Immediately before trial, defense counsel filed a motion to require the State to elect as to which of the two counts it would seek a conviction, and cited to the Court the cases of Jones v. State, 373 So.2d 1221 (Ala. Cr.App.), cert. denied, 373 So.2d 1225 (Ala. 1979); Nicholson v. State, 369 So.2d 304 (Ala.Cr.App.1979); Mefford v. State, 363 So.2d 1050 (Ala.Cr.App.1978); Davidson v. State, 360 So.2d 728 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala.1978). These cases stand for the proposition that a defendant cannot be convicted of buying, receiving or concealing stolen property where the evidence shows that the defendant actually stole the property.
At the close of the State’s evidence, defense counsel moved to exclude that evidence as to each count separately and severally and renewed his motion to require the State to elect. At the conclusion of the Court’s oral charge defense counsel objected to the Court’s failure to give the defendant’s written requested affirmative charges on grand larceny and buying, receiving or concealing stolen property.
The trial court did instruct the jury as requested that the defendant could not be found guilty of both grand larceny and buying, receiving and concealing stolen property. The trial court did not charge the jury that they could not find the defendant guilty of buying, receiving and concealing stolen property if they believed that he actually stole the property. However, the defendant requested no instruction on this principle.
The evidence and the reasonable inferences to be drawn therefrom leave only one conclusion. All the evidence indicates that the defendant gained possession of the stolen pulverizer by actually stealing the unit himself. Ogle v. State, 386 So.2d 493 (Ala.Cr.App.1980); White v. State, 383 So.2d 888 (Ala.Cr.App.) cert. denied, 383 So.2d 892 (Ala.1980).
In brief, the State argues:
“Earl King did not see if the Appellant or someone else carried the pulverizer from the prosecuting witness’ office. An element which is a sine qua non for the offense of larceny to lie is a ‘carrying away’ of property. Harvest v. State, supra. Since it is unclear as to whether Appellant or someone else removed the pulverizer from the owner’s premises, then the evidence does not necessarily compel a verdict for grand larceny.”
(Appellee’s brief, p. 9)
The taking and asportation of property in the crime of larceny may be proved by *135 circumstantial evidence. Parker v. State, 371 So.2d 461 (Ala.Cr.App.1979); Clark v. City of Mobile, 357 So.2d 675 (Ala.Cr.App.), cert. denied, Ex parte Clark, 357 So.2d 680 (Ala.1978).
The State does admit that the evidence “may suggest, but does not necessarily compel the conclusion, that the appellant participated in the theft” and cites the cases of Simmons v. State, 54 Ala.App. 291, 307 So.2d 96 (1975); Coates v. State, 36 Ala.App. 371, 56 So.2d 383 (1952); and Humphrey v. State, 18 Ala.App. 251, 90 So. 504 (1921).
In Simmons, the defendant was charged in a two count indictment with grand larceny and buying, receiving, concealing or aiding in concealing stolen property. In statements made to investigating officers, the defendant admitted his participation in the theft of the property. However, at trial, the defendant claimed that he was not telling the truth in these statements and denied having anything to do with the stolen automobiles. The jury found the defendant guilty as charged. Under the authority of Jones, Nicholson, Mefford, and Davidson, error was committed in Simmons when the jury found the defendant guilty of both grand larceny and buying, receiving or concealing stolen property when the property was identical in each charge. We have no indication that this issue was raised in Simmons. However, clearly Simmons will not support the proposition for which it is cited by the State.
In both Coates and Humphrey there was evidence that someone other than the defendant actually stole the property. Here we have no evidence of how the defendant obtained the property other than that evidence which indicates that he stole it himself. In both Coates and Humphrey there was some evidence of a prior theft by another. Here there was no such evidence. The defendant did not present any testimony. He did not present evidence that he did not take the pulverizer or evidence explaining his possession of the machine and, as previously stated, the State’s evidence indicated that the defendant actually stole the pulverizer.
In Craig v. State, 375 So.2d 1252 (Ala.Cr. App.), cert. denied, 375 So.2d 1257 (Ala. 1979), this Court held that, inasmuch as the evidence did not establish that the defendant came into possession of stolen property solely through his participation in the burglary of a house, the State was not precluded from obtaining a conviction for buying or receiving and concealing stolen property. This Court held:
“A major insistence of appellant is upon application of a principle set forth in Booker v. State, 151 Ala. 97, 44 So. 56 (1907) and Gallman v. State, 29 Ala.App. 264, 195 So. 768 (1940) to the effect that where the evidence shows that accused came into possession of stolen property solely through his participation in the burglary of a house, he cannot be convicted for buying or receiving and concealing stolen property. The principle is inapplicable in this case, for the evidence does not show that appellant participated in the burglary. That he may have done so cannot be reasonably doubted, but there is no definite evidence to that effect. On the contrary, defendant’s own testimony stands as undisputed repudiation of that theory.”
Craig, 375 So.2d at 1254.
Here it cannot be reasonably doubted that the defendant actually stole the property. The undisputed evidence shows that after saying that he was going to pick up a pulverizer, the defendant went to the place where Dr. Wood’s pulverizer was located. Although no one saw the defendant actually remove the machine, the defendant was then placed in possession of this very same pulverizer. Under the evidence of this case, including the absence of theft by any other party, the only reasonable conclusion from the inferences of the evidence is that the defendant stole the pulverizer. For this reason he cannot be convicted of buying, receiving or concealing stolen property. The judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.

. Although the record shows the serial number to be S8181, this is an obvious typographical error when considered in the context of Mr. Crane’s testimony.

. Although the date in the record is 1978, this is an obvious mistake when considered in context in which the event occurred.