326 So.2d 297

Larry Wayne **LANIER**

v.

**STATE.**

**3 Div. 412.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Frederick T. Enslen, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Jane LeCroy Robbins, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Indictment for robbery, trial therefor, followed by the jury's verdict of guilty. Punishment fixed by the verdict at ten years imprisonment in the penitentiary. Appellant was an indigent when tried. He was represented then and now on this appeal by appointed counsel.

We have examined the record and fail to find any ruling of the trial court that was prejudicial to defendant.

We will limit this opinion to the sole argument of appellant's counsel that the trial court committed reversible error for that it overruled defendant's motion for a mistrial.

The motion was based on the oral assertion of defendant's counsel that defendant "was not dressed in nonprison clothes until after he had been escorted into the courtroom to say whether certain jurors might be excused or not. He was in the courtroom in prison clothes; and on that ground, Your Honor, we now moves (sic) for a mistrial."

Following this motion, we quote a colloquy as follows:

"MR. HANEY: Your Honor, of course, the record will reflect that you couldn't even tell that they were in those kind of clothes. We just had him dressed out as

a precaution. All he had on, Your Honor, was a pair of khaki pants and a dungaree shirt; and you couldn't even see· anything on it, and his back was to the wall the entire time. We had him done that way so nobody could even tell. You couldn't read 'the Board of Corrections' on it. It was just small print on the back of the shirt, and his back was to the wall the whole time for that reason. There wasn't any way at all to reveal they were prison clothes, and all he did was to come outside the door. He didn't go near the panel. He was about fifty feet from them, and he stood there at the back door where the prisoners are while he watched the jurors be excused, the ones that were excused.

"THE COURT: Read into the record your motion for a mistrial.

"MR. TAYLOR: If Your Honor please, the Defendant was in fact dressed in prison clothes, a blue chambray work shirt and cotton trousers. And he has worn them in the same room with the jury. They recognized the error and took him back and dressed him in other clothes after that, but the wrong had been done by then, Your Honor; and on those grounds, we do respectfully move for a mistrial.

"MR. HANEY: Your Honor, we did not—what I am telling the court is I instructed the deputies before they brought him into the court when the jurors were attempting to be excused to hold his back to the wall so that they could not see the words 'Board of Corrections' on his shirt. And at no time was any print of any kind revealed to the jury venire. His clothes were simply a blue shirt and khaki pants.

"THE COURT: Now, for the record, let the court make this observation. The court feels that perhaps that this motion is not timely. It should have been brought to the attention of Judge Crosland.

"MR. HANEY: All right.

"THE COURT: At the time of the incident referred to; and in view of all the circumstances and the statements, that of the Assistant District Attorney, the court is going to overrule your motion."

We presume from the record that Judge Crosland was presiding when the incident occurred and not the judge to whom the motion was addressed. In view of the state of the record, we are unwilling to hold that the trial judge erred in overruling the motion. *Clark v. State*, 280 Ala. 493, 195 So.2d 786 (1967).

It does not appear from the aforequoted colloquy (there was no evidence offered) that defendant was paraded or exhibited to the jury in such a manner that they were able to identify him as a prisoner. For aught appearing, he was kept in the background to avoid such identity or association. *Watts v. State*, 53 Ala.App. 518, 301 So.2d 380 (1974).

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 28, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.