195 So.2d 786

**Terrill CLARK**

**v.**

**STATE of Alabama.**

**1 Div. 379.**

Supreme Court of Alabama.

Feb. 2, 1967.

Rehearing Denied March 9, 1967.

Wm. C. Taylor, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This is an appeal by Terrill Clark from the Circuit Court of Mobile County where he was convicted of robbery and sentenced to life imprisonment in the penitentiary.

The defendant urges as error: (1) the admission into evidence a signed confession; (2) being compelled to stand trial while handcuffed; (3) being tried while dressed in prison garb; and, (4) the denial by the trial court of his motion to have ten Kilby Prison inmates subpoenaed.

First, citing Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, as authority, the defendant complains that the confession was inadmissible because he was not apprized of his right to the presence of an attorney. The trial of the instant case was begun and completed on the 20th day of April, 1966. The *Miranda* decision was rendered on June 13, 1966, and one week later, on June 20, the United States Supreme Court held in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, that the rules as to police interrogation as enunciated in *Miranda* were not retroactive. Of course, the holding in *Johnson* did not bind this court necessarily to rule in subsequent cases that the guidelines for police interrogation could not be applied prior to the time of their promulgation; however, on July 14, 1966, in Mathis v. State, 280 Ala. 16, 189 So.2d 564, 574, we elected to make the holding of *Miranda* prospective. Accordingly, the court below ruled correctly on this point. Nor is there anything in the record to indicate that the defendant requested an attorney prior to making his inculpatory statements; therefore, Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, is not here applicable.

█ The confession was found by the trial judge to have been made voluntarily, and it was not error to admit it into evidence. See Duncan v. State, 278 Ala. 145, 176 So.2d 840.

Next, the defendant argues prejudicial error was committed by placing him in handcuffs during the trial. The record shows that after the lunch recess, with court reconvened, the jury in the box, and the judge on the bench, the defendant was brought into the courtroom, his hands free. But instead of taking his seat at the counsel table, he dashed toward the rear door of the room. Just as he was about to go out the door, he was confronted by a police officer who was coming into the courtroom. This policeman, with the aid of others, quickly subdued the defendant. The record tells of the incident as follows:

"Whereupon the court recessed for lunch until 1:30 P.M.

\* \* \* \* \* \*

"MR. BRUTKIEWICZ: Please the Court, I would like at this time—the rule has heretofore been asked for and I would ask that Detective Wiley Foster be excluded from the rule to sit here with me and assist me in the prosecution of this case.

"THE COURT: All right. Is that other gentleman a witness in the case?

"MR. BRUTKIEWICZ: No, sir, he is not.

"MR. TAYLOR: No, sir.

"MR. BRUTKIEWICZ: I knew he would.

"MR. FOSTER: Stop him.

"MR. BLAKE: Catch him, catch him.

"TERRILL CLARK: Turn me loose. Damn people won't give people the right to get god damn witnesses or nothing else. Turn me loose, I ain't going nowhere.

"MR. TAYLOR: I move for a mistrial, Your Honor, please.

"THE COURT: You move for a mistrial?

"MR. TAYLOR: Yes, sir.

"THE COURT: You move for a mistrial on account of what he — ?

"MR. TAYLOR: I certainly do; in the presence of this jury.

"THE COURT: The Court is going to deny that emphatically."

The defendant was immediately handcuffed by one of the law officers and remained so throughout the course of the trial despite numerous objections by his counsel.

 Under our Federal and State Constitutions, a very basic concept of fair trial requires that the defendant be presumed innocent, and that presumption abides with him from the very beginning of his trial to its conclusion, until overcome by the State, which must prove him guilty beyond a reasonable doubt. All of the authorities we have studied are agreed that to bring a prisoner before the bar of justice in handcuffs or shackles, where there is no pretense of necessity, is inconsistent with our notion of a fair trial, for it creates in the minds of the jury a prejudice which will likely deter them from deciding the prisoner's fate impartially. But, where, as here, the accused has attempted an escape during the course of his trial, the authorities are likewise agreed that it is within the trial judge's discretion to have handcuffs or shackles applied when it is manifest that such precaution is necessary to prevent violence or escape.

The question first arose in Alabama in the old case of Faire v. State, 58 Ala. 74 (1877), where Stone, J., quoted the following statement from Sir Wm. Blackstone, 4th Com. 322:

" 'The prisoner must be brought to the bar without irons, or any manner of shackles or bonds, unless there be evident danger of an escape, and then he may be secured with irons.' "

The court then held that the question of shackling prisoners was a matter for the

"sound and enlightened discretion" of the trial judge. Faire v. State, supra.

In Smith v. State, 247 Ala. 354, 24 So.2d 546, the only other Alabama case our research has uncovered on the point of restraint of an accused during trial, this court said:

"There is a marked distinction between handcuffing a prisoner in carrying him to and from the court trying him and then immediately removing it and in keeping him in shackles or in handcuffs while being tried. This should not be done unless the situation creates a reasonable belief that such restraint is necessary to prevent his escape, or his rescue. Faire v. State, 58 Ala. 74."

We are convinced that the trial judge in the instant case properly exercised his discretion.

 But the defendant argues further that his conviction should be reversed because of a statement made by the trial judge at the time he denied the accused's motion for a mistrial. The statement was: "But when by his own conduct he makes that reasonably necessary for security reasons the court feels that it is justified under the circumstances." As we understand the argument, complaint is made that the words, " * * * by his own conduct * * * " indicated partiality or bias from the bench, and so registered on the minds of the jury as to prejudice them against the defendant. This was not error, for the defendant's own conduct drew the handcuffs, and insistent argument by his counsel for a mistrial evoked an explanation for its denial from the bench. We do not think unfairness was manifested here.

Thirdly, the defendant contends that his constitutional rights were violated and he was denied a fair trial because he was dressed in white prison clothing.

But here all during the morning session on the date of the trial, the defendant and

his attorney were in court and the record shows that not one of the jury panel was present. The court noted especially that the preliminary matters took place when not a single juror was in the courtroom. Furthermore, no request was made that the defendant be dressed in different clothes during the time the jury was being selected. It was not until the jury had been chosen and the defendant had made his attempt to escape that any objection to his garb was made to the court.

 We hold that the defendant waited too late to move for a mistrial because of his clothing. If he seriously believed he could not get a fair trial while dressed in prison clothes, a motion to that effect should have been presented to the court prior to the time the jury panel was brought into the courtroom.

Every court has power to preserve and enforce order in its immediate presence; to prevent interruption, disturbance, or hinderance to its proceedings; and to control all persons connected with a judicial proceeding before it. Tit. 13, § 4, Code 1940. We think that the court was justified at that time in believing that prison clothing was proper as a deterrent to further efforts to escape. The necessary security and decorum due the courtroom did not require, under these peculiar circumstances, a different ruling from the trial judge.

Finally, the defendant argues the court erred in failing to summon the ten Kilby inmates which request was made in the form of a motion two days before the trial. This was not error, for no showing was made that the convicts " * * * serving sentence in the penitentiary know[s] facts which would be beneficial to him * * *" in conformity with Tit. 45, § 61, Code 1940.

Mindful of our duty to see that the defendant was denied no necessary incident of a fair trial, we have searched the record

for prejudicial error, and finding none, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.