299 So.2d 332

**Charles Henry ROWELL**

v.

**STATE.**

**5 Div. 238.**

Court of Criminal Appeals of Alabama.

July 16, 1974.

Rehearing Denied Aug. 13, 1974.

John W. Davis, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for the State.

CATES, Presiding Judge.

Second degree murder: sentence, twenty-five years imprisonment.

The only reasonably arguable question arising from the trial was the allowance of certain State witnesses to be exempt from the rule of sequestration. We quote:

"* * * In the case at bar, the State called the following as its witnesses:

| | | |
|---|---|---|
| 1. | Henry Meadows | — Opelika Police Department |
| 2. | Mark Harvard Norred | — AAA Ambulance Service |
| 3. | Dr. Richard A. Roper | — State Toxicologist |
| 4. | Vickie Paradise | — daughter of deceased |
| 5. | Jim Davis | — Opelika Police Department |
| 6. | Dan Davis | — Opelika Police Department |
| 7. | Ronald F. Dunson | — Opelika Police Department |

"Those who were sequestered by the rule were:

"Vickie Paradise, daughter of deceased
Mark Norred, ambulance driver."

—Appellant's brief.

The purpose of sequestration, axiomatically, is to obviate as far as possible

one witness's trying to make his testimony consistent with that of another. However, our cases do not treat exceptions to the "rule" as presenting appealable questions. De Franze v. State, 46 Ala.App. 283, 241 So.2d 125.

Moreover, if we were to treat the over abundance of peace officers as an abuse of discretion, nevertheless, we would affirm the conviction because of the harmless error doctrine. Rule 45.

The judgment below is

Affirmed.

All the Judges concur.