The defendant was indicted and convicted for robbery. Sentence was ten years' imprisonment.
 I
On appeal, it is argued that the prosecutor's repeated attempts to show that the defendant failed to make a statement after his arrest constitutes reversible error.
The facts giving rise to this argument appear in the record as follows:
 "Q. [MR. VALESKA, Deputy District Attorney]: Sgt. Robertson did you ever have an occasion to interview Augusta Ceasar Dickey?
"A. No, sir.
"Q. Did he ever make any statements to you?
 "MR. HULTQUIST [Defense Counsel]: Objection, Your Honor.
"THE COURT: Sustain the objection.
 "MR. VALESKA: Judge, I asked him if he ever made a statement. I didn't ask him what was said.
 "THE COURT: I don't know what's gonna come out. If there's a problem you need to let me know ahead of time so I'll know how to rule on it.
"MR. HULTQUIST: May we approach the bench?
"THE COURT: Yes, sir. *Page 1178 
(Off the record discussion.)
"THE COURT: I sustain the objection.
"Q. Sgt. Robertson you can answer the question.
"THE COURT: No. I sustained the objection.
"MR. HULTQUIST: I would like to renew my motion.
"THE COURT: What motion?
"MR. HULTQUIST: For a mistrial.
"THE COURT: Overruled."
The State may not constitutionally impeach a defendant's trial testimony with proof of his post-arrest silence. Houston v.State, 354 So.2d 825 (Ala.Cr.App. 1977), cert. denied,354 So.2d 829 (Ala. 1978). "Counsel for the prosecution must scrupulously avoid any reference to or use of an accused's assertion of his right to remain silent." Houston, 354 So.2d at 828.
Here there was no direct reference to the silence of the defendant. The trial judge sustained defense counsel's objection to the question. The question itself did not imply an answer. The evidence simply does not show whether or not a statement was made although it is clear that Sergeant Robertson never interviewed the defendant.
A motion for a mistrial implies a miscarriage of justice and should only be granted where it is clearly manifest that justice cannot be afforded. It specifies such fundamental error in a trial as to vitiate the result. Diamond v. State,363 So.2d 109, 112 (Ala.Cr.App. 1978). The granting of a mistrial is an extreme measure and should not be granted where the prejudicial qualities of the comment can be eradicated by the action of the trial court. Nix v. State, 370 So.2d 1115, 1117
(Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979).
Here the action of the trial judge in sustaining defense counsel's objection and in thereby refusing to allow the prosecutor to elicit the sought after information was sufficient to prevent reversible error from being injected into this case.
We have searched the record for error prejudicial to the defendant and found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.