455 So.2d 119 (1984)
Lonnie Wayne CUSHING, alias
v.
STATE.
7 Div. 202.
Court of Criminal Appeals of Alabama.
March 20, 1984.
On Return to Remand July 31, 1984.
*120 Kathleen M. Warren, Gadsden, for appellant.
Charles A. Graddick, Atty. Gen., and T.A. Harding, Asst. Atty. Gen., for appellee.
HUBERT TAYLOR, Judge.
The appellant, Lonnie Wayne Cushing, was indicted and convicted for the offense of criminal mischief in the first degree. Ala.Code § 13A-7-21. The trial court sentenced Cushing as a habitual offender to imprisonment for a term of twenty years.
On June 14, 1983, while Cushing was living in his step-mother's house in Etowah County, he assaulted his step-sister, Jeanette. Mrs. Cushing and Jeanette went immediately to the Altoona Police Department and Police Chief Nash returned with them to their residence. There, they observed groceries on the ground outside the back door and on the kitchen floor. Cushing was in the house alone. At Mrs. Cushing's inquiry, Cushing said, "Well, I just destroyed all the groceries." The women gathered some clothing and left Cushing alone in the residence. Before they left, Cushing warned them that if they came back, he would kill them.
Approximately two to three hours later, Chief Nash and other law enforcement officers returned to Mrs. Cushing's residence with a warrant for Cushing's arrest. With a hammer in his hand, Cushing exited the house. After Cushing was given his Miranda *121 warnings, he spontaneously told the officers that they could have the house now. Upon entering the home, Chief Nash observed that the contents of the home had been completely demolished. Chief Nash was of the opinion that a hammer and a pick or a mattock had been used in creating such havoc. By Mrs. Cushing's testimony, the State established that the damage to Mrs. Cushing's personal property exceeded $1000.

I
The trial court properly overruled Cushing's motion to exclude the State's evidence on the ground that the prosecution failed to present a prima facie case. The evidence was circumstantial, but we are of the opinion there was sufficient evidence tending to show Cushing's guilt to justify the trial court in submitting that question to the jury. See Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).

II
At the conclusion of the first day of Cushing's trial, defense counsel moved for a mistrial on the ground that Cushing was handcuffed in the jury's presence immediately prior to his exit from the courtroom. Within the factual context of this case, the trial court properly overruled Cushing's motion. It is not ground for a mistrial that the accused appeared before the jury in handcuffs when this appearance was only a part of going to and from the courtroom. Moffett v. State, 291 Ala. 382, 281 So.2d 630 (1973), cert. denied, 414 U.S. 1161, 94 S.Ct. 924, 39 L.Ed.2d 114 (1974); Young v. State, 416 So.2d 1109 (Ala.Cr.App.1982). Cushing's reliance on Clark v. State, 280 Ala. 493, 195 So.2d 786 (1967), is misplaced. See Young, supra; Taylor v. State, 372 So.2d 387, 389 (Ala.Cr.App.1979).

III
The trial court sentenced Cushing according to the Habitual Felony Offender Statute, § 13A-5-9, Code of Alabama 1975, pursuant to its finding that Cushing had been previously convicted of two felonies. Cushing argues that his 1974 Florida conviction for aggravated assault, with a sentence of six months' to three years' imprisonment, was improperly used because the State did not prove that this prior offense was a felony. We agree.
A.R.Crim.P.Temp. 6(b)(3)(iv) provides the following definition of a "felony" for purposes of sentencing under the Habitual Felony Offender law:
"Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under ... (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980."
Section 13A-1-2(4) provides that an offense is a felony if the sentence authorized by the Alabama Criminal Code is in excess of one year. Thus, in order to determine whether this Florida conviction was properly used to enhance Cushing's punishment, we look to see whether the conduct constituting the aggravated assault would constitute a felony under § 13A-1-2(4) had the conduct occurred in Alabama on or after January 1, 1980; however, the record is insufficient for us to make this determination. No evidence of the conduct which formed the basis of this conviction was introduced at the sentencing hearing. Thus, we cannot determine if such conduct could also establish a felony violation of present Alabama law. Therefore, this case is remanded for the trial court to determine if this Florida conviction would constitute a felony under our present code and to resentence Cushing accordingly. As a final comment, we note that the conviction should not be considered unless it is proven by a certified copy of the minute entry showing the prior conviction.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
PATTERSON, Judge.
This court held that the trial judge improperly considered a 1974 Florida conviction *122 for aggravated assault because the State did not prove that the prior offense was a felony, in sentencing appellant under the Alabama Habitual Felony Offenders Act. We remanded the case to the trial court with instructions that it determine if the Florida conviction would constitute a felony under our present code and to resentence Cushing accordingly.
At a resentencing hearing on May 8, 1984, the trial court found that the Florida conviction did not constitute a felony under Alabama law. The State and appellant agreed that there was one prior Alabama felony conviction of grand larceny. The trial court held that Cushing still fell within the purview of the Alabama Habitual Felony Offenders Act, and with one prior conviction, the proper sentence would be from two to twenty years. The court then sentenced Cushing to ten years in the state penitentiary. The action of the trial judge was proper.
No error harmful to the rights of appellant having been demonstrated, the judgment of the trial court is due to be, and is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.