TYSON, Judge.
Mason- Fleming was indicted for the possession of marijuana in violation of § 20-2-70, Code of Alabama 1975. The jury found him “guilty of possession of marijuana as charged” and following a sentencing hearing the trial court sentenced him to three years in the penitentiary.
On March 3, 1984, Deputies Bill Goodson and Wayne Lucas of the Escambia County Sheriffs Department discovered marijuana beneath a pine tree adjacent to appellant’s property. They took up surveillance of the material after photographing it and replacing it in its original position. The officers observed appellant exit his house at approximately 4:20 p.m. and walk to the pine tree. Appellant knelt down in front of the tree, reached underneath some brush and pulled out the marijuana. He was then arrested by Goodson and Lucas. The substance was identified by the Department of Forensic Sciences as marijuana.
Further facts surrounding this incident are discussed within the body of this opinion as necessary for the disposition of appellant’s issues assigned as error on this appeal.
I
The appellant contends that the trial court erred in refusing to grant a mistrial based on evidence elicited from State witnesses. Fleming argues that the trial court’s allowance into evidence of testimony that on March 2, 1984, the day before the appellant’s arrest, officers found plastic garbage cans containing bags of marijuana in a swamp area 200 yards from his home, created an ineradicable prejudice against appellant.
The trial court excluded the jury from the courtroom after objection by defense counsel to this evidence. The court then sustained appellant’s objections and took a short recess. Upon the return of the jury the court instructed them as follows: (R. 35-36).
“THE COURT: Ladies and gentlemen of the jury, there has been some testimony elicited from the witness stand in this trial with reference to a surveillance of the home of the defendant Mason Fleming and, also, with reference to garbage cans that the surveillance team found two-hundred yards from this man’s house with marijuana in the garbage cans. There is no evidence that Mason Fleming owned the land where these garbage cans were or that he had any connection with them whatsoever. The length of two football fields in our county could be completely out of the sight of a house or the owner of that home. The state has to do more than that in order to make evidence relevant of this nature. So in (sic) instruct you to disabuse your minds of any evidence about the garbage cans they found two-hundred yards from *1345 this man’s home on the property of another.
“Is there any member of this panel that feels you cannot disabuse your minds of that testimony in judging this case from here on out?
“Do all of you feel like you can give a fair trial and disregard that testimony or has it made such an impression upon you you do not feel like you can disregard it?”
The trial judge then individually polled the jurors and denied the appellant’s motion for a mistrial. (R.36).
The granting of a motion for mistrial is an extreme measure. Phillips v. State, 447 So.2d 1312 (Ala.Crim.App.1984); Young v. State, 416 So.2d 1109 (Ala.Crim.App.1982). A trial judge is allowed broad discretion in determining whether to grant a mistrial. Wysinger v. State, 448 So.2d 435 (Ala.Crim.App.1983), cert. denied, 448 So.2d 435 (Ala.1984), and his decision will not be disturbed absent a showing of “manifest abuse”. Wood v. State, 416 So.2d 794 (Ala.Crim.App.1982); Montgomery v. State, 446 So.2d 697 (Ala.Crim.App.1983), cert. denied, 446 So.2d 697 (Ala.1984); Fike v. State, 447 So.2d 850 (Ala.Crim.App.1983), cert. denied, 447 So.2d 850 (Ala.1984). “A motion for mistrial implies a miscarriage of justice and is such a serious matter that it should be granted only where there is a fundamental error in trial which would vitiate the result. Floyd v. State, 412 So.2d 826 (Ala.Cr.App.1981); Stennett v. State, 340 So.2d 67 (Ala.Cr.App.1976); Ala.Code § 12-16-233 (1975).” Kendrick v. State, 444 So.2d 905, 908 (Ala.Crim.App.1984). See also, Wood, supra; Young, supra; Montgomery, supra.
“Where the trial court instructs the jury to disregard an improper statement, carefully evaluates the effect of such a statement upon the jury by polling them individually, and determines the jury’s impartiality in spite of the statement, any prejudicial error which might otherwise have occurred is cured. Perry v. State, 371 So.2d 969 (Ala.Crim.App.), cert. denied, 371 So.2d 971 (Ala.1979); Williams v. State, 369 So.2d 910 (Ala.Crim.App.1979).” Wood, supra at 800. See also, Young, supra at 1113. The denial of the mistrial in this case was proper. Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967); Retowsky v. State, 333 So.2d 193 (Ala.Crim.App.1976).
II
Fleming argues that the State failed to establish a proper chain of custody of the controlled substances admitted into evidence at trial.
Deputy Bill Goodson testified that he seized a brown can containing marijuana seeds and a plastic bag containing a leafy vegetable material from the appellant on March 3, 1984. He placed this evidence in the trunk of Chief Deputy Blankenship’s car at the scene of appellant’s arrest. On the morning of March 4, 1984, Goodson retrieved these items from Blankenship and took them to his home. Goodson then separated the items, marked, packaged and sealed them with evidence tape. He then placed the items in his vehicle where they remained in his care, custody, and control until March 6, 1984, when he returned the items to Chief Blankenship.
Chief Blankenship testified that he received the items on March 6, 1984 from Goodson and released them to Deputy David Ragan. He stated that the items were sealed when he released them to Deputy Ragan. He further stated that the items appeared to be in the same condition at trial as when he received the items.
Deputy Ragan testified that on March 6, 1984, he received a brown paper bag from Blankenship. He transported this item to D.W. Sennett at the State Department of Forensic Science in Mobile on March 7, 1984.
D.W. Sennett testified that she was employed by the State Department of Forensic Science in Mobile. On March 7, 1984, she received a sealed brown paper bag from David Ragan. She examined and tested the items, then resealed the evidence and placed it in a box in the evidence room. Sennett stated that the evidence was in the *1346 same condition as when she received it and resealed it.
Deputy Randall Murph testified that on the morning of trial he went to the Department of Forensic Sciences in Mobile and retrieved the items which were offered into evidence.
The establishment of a chain of custody is needed to show a reasonable possibility that evidence has not been tampered with or altered. Smith v. State, 446 So.2d 68 (Ala.Crim.App.1984); Tate v. State, 435 So.2d 190 (Ala.Crim.App.1983). Further, “to establish a sufficient predicate for admission into evidence, it must be shown that there was no break in the chain of custody of the item.” Ex parte Yarber, 375 So.2d 1231 (Ala.1978); Mauldin v. State, 402 So.2d 1106 (Ala.Crim.App.1981). “The evidence need not negate the most remote possibility of substitution, alteration, or tampering with the evidence, but rather m’ust prove to a reasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain.” Slaughter v. State, 411 So.2d 819, 822 (Ala.Crim.App.1981); cert. denied, 411 So.2d 819 (Ala.1982). See also, Mauldin, supra; Sexton v. State, 346 So.2d 1177 (Ala.Crim.App.), cert. denied, 346 So.2d 1180 (Ala.1977).
At the time the State sought to have the items admitted into evidence, the testimony had established a proper and unbroken chain of custody. The testimony further established that the items were substantially the same as they were at the beginning of the chain. The trial court did not err in admitting the items at issue into evidence.
Ill
Appellant contends that the trial court erred in denying his motion for a mistrial based upon the fact that State’s witness Goodson allegedly discussed testimony with other witnesses in the witness room.
This record does not support the appellant’s contention that Goodson actually discussed his testimony on questions to be asked with other witnesses. The trial judge and defense counsel both questioned Goodson with reference to this matter. (R. 108-112).
As stated earlier in this opinion, the ruling on a motion for mistrial is in the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse. Wood, supra; Montgomery, supra; Wysinger, supra. There was no abuse of discretion in this instance. Shadle, supra.
IV
Appellant contends that the trial court erred in refusing to give his written requested charges 4, 5, 7, 9 and 13. A review of the record indicates that the failure of the trial court to give such requested charges was neither objected to nor an exception taken at the conclusion of the court’s oral charge as required by Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), affirmed, 414 So.2d 993 (Ala.1982). The failure to so object or except precludes this court’s review of this matter. Allen, supra; Coleman v. State, 423 So.2d 276 (Ala.Crim.App.1982); Laffity v. State, 423 So.2d 280 (Ala.Crim.App.1982); Campbell v. State, 423 So.2d 284 (Ala.Crim.App.1982). See Rule 14, Temporary Rules of Criminal Procedure.
Moreover, a further review of the court’s oral charge reveals that the requested charges were “substantially and fairly” covered by the court in his general charge to the jury. See Lambeth v. State, 380 So.2d 922 (Ala.Crim.App.), reversed on other grounds, 380 So.2d 923 (Ala.1979), on remand, 380 So.2d 925 (Ala.Crim.App.1979), cert. denied, 380 So.2d 926 (Ala.1980); Jackson v. State, 414 So.2d 1014 (Ala.Crim.App.1982); Williams v. State, 451 So.2d 411 (Ala.Crim.App.1984). See also, Ala. Code § 12-16-13 (1975).
V
Appellant argues that the trial judge erred in allowing Deputy Goodson to testi *1347 fy that the seeds contained in a can recovered from the appellant at the scene of his arrest were marijuana seeds.
Deputy Goodson testified that he had been in the law enforcement field for seven years. During this time he had occasion to make field or on sight identifications by sensory perception of plant material which was marijuana. He had opportunity to so identify marijuana in excess of one hundred times. He stated that he had seen and tested seeds which later turned out to be marijuana seeds in excess of one hundred times, and that he had testified in court as to whether or not a seed was marijuana some twenty to thirty times.
At the conclusion of this testimony the trial court allowed Deputy Goodson to identify the seeds in question as an expert witness. Goodson stated that in his opinion the seeds were marijuana. (R. 56-57).
It is clear to this court that Goodson was an experienced officer in the field of narcotics and qualified to give his opinion as one “who has seen or studied marijuana” as allowed by Jenkins v. State, 46 Ala.App. 719, 248 So.2d 758 (1971).
The determination of whether a witness is qualified to testify as an expert is largely within the sound discretion of the trial court. Charles v. State, 424 So.2d 715 (Ala.Crim.App.1982).
Further, “if a witness’ knowledge extends beyond or supersedes that of an ordinary witness, as determined by the trial judge, the witness can become an expert.” Smoot v. State, 381 So.2d 668 (Ala.Crim.App.1980); Gullatt v. State, 409 So.2d 466 (Ala.Crim.App.1981). See also, C. Gamble, McElroy’s Alabama Evidence, § 127.01(5) (3d ed. 1977). The trial court did not err in allowing Goodson to give his opinion in this cause.
VI
Appellant contends that the State failed to show that he was in actual or constructive possession of marijuana and thus a reversal of his conviction is mandated.
The record in the case does not support appellant’s contention. Deputy Lucas testified that he and Deputy Goodson discovered marijuana hidden beneath a pine tree just off of appellant’s property. They photographed this evidence, covered it back up, and took up surveillance of this evidence. Lucas observed the appellant leave his home, walk straight to the pine tree, kneel down on the ground and uncover the marijuana at issue. As appellant picked up the marijuana Goodson told appellant to freeze. Lucas stated that he saw the marijuana in appellant’s hands.
Goodson testified that after discovering the marijuana and photographing it, he replaced it under the brush beneath the tree. He stated that the marijuana could not be seen. He observed the appellant leave his home, walk straight to the pine tree, kneel down and reach under the tree. He then told appellant to freeze. Upon reaching the appellant he observed the marijuana and the can lying in front of appellant, fully uncovered. Appellant was then arrested.
Fleming testified that he had seen movement in the bushes behind his house and walked toward where he thought it was. Upon reaching the area in which the pine tree was located he saw something underneath the brush by the tree. He alleges that the sunlight was reflecting on something beneath the tree. He stated that he reached to pick it up and then was arrested. He stated that he did not own the marijuana and did not know it was there.
It is clear from the record that the State proved a prima facie case of possession against this appellant. The State must show three elements in order to prove possession: (1) actual or potential control, (2) intention to exercise dominion, and (3) external manifestation of intent. Cook v. State, 341 So.2d 183 (Ala.Crim.App.1976). The State must also prove beyond a reasonable doubt that the appellant had knowledge of the presence of the prohibited substance. Coleman v. State, 394 So.2d 82 (Ala.Crim.App.1981).
*1348 The evidence elicited at trial adequately established the existence of each element as required by law. The trial court did not err in overruling appellant’s objections and motions on these grounds.
This record has been carefully reviewed for errors injurious to the substantial rights of appellant and we find none therein.
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.