Frederick Michael Hamrick was indicted for the attempted murder of his wife, Shirley Hamrick, whom he shot in the face. The appellant was found guilty of this offense and sentenced to fifty years' imprisonment in the penitentiary.
 I
Just two days before this trial began, defense counsel filed a motion for continuance with the trial court. Defense counsel alleged that she had been "diligently" trying to locate a witness and that she was "close" to locating this witness. The trial court denied the motion and defense counsel contends this was error.
 "Not every denial of a motion for continuance to obtain witnesses violates the accused's right to compulsory process. See, e.g., McKinney v. Wainwright, 488 F.2d 28 (5th Cir.), cert. denied, 416 U.S. 973, 94 S.Ct. 1998, 40 L.Ed.2d 562 (1974). A court may not, however, refuse to grant a reasonable continuance for the purpose of obtaining defense witnesses where it has been shown that the desired testimony would be relevant and material to the defense. Hicks v. Wainwright, 633 F.2d 1146
(5th Cir. 1981); Singleton v. Lefkowitz, 583 F.2d 618 (2d Cir. 1978). In Hicks this Court recently enunciated several factors which are to be considered in determining whether an accused was deprived of his right to compulsory process by a denial of a motion for continuance:
 "[T]he diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which the testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.
 633 F.2d at 1149 (quoting United States v. Uptain, 531 F.2d 1281, 1287 (5th Cir. 1976) (footnotes omitted))."
Barton v. State, 494 So.2d 943, 949 (Ala.Crim.App.), cert.denied, (Ala. 1986); Dickerson v. Alabama, 667 F.2d 1364,1369-70 (11th Cir. 1982).
The only evidence of defense counsel's efforts to find this witness was a statement in the motion that she had hired a private investigator and was "diligently" trying to find this witness. There is no evidence that this witness could have been located within a reasonable time except defense counsel's statement in the motion that she was "close" to locating this witness. Defense counsel had had access to a private investigator for almost four weeks before this motion was made and had not been able to locate this witness. In the motion for continuance, defense counsel alleged that this witness was "necessary" to the defense. In brief, defense counsel argues that this witness would have testified that he or she saw the victim pull a gun on the appellant and threaten the appellant's life. Defense counsel contends that this testimony would be helpful to the appellant's claim of self-defense. Even if we were able to consider mere allegations in brief, this witness's testimony would have been cumulative of other evidence presented at trial, since another witness testified that the victim had threatened to kill the appellant.
The decision to grant or deny a motion for continuance is within the sound discretion of the trial judge, and the decision will not be overturned absent an abuse of that discretion. Richardson v. State, 476 So.2d 1247
(Ala.Crim.App. 1985). Our review of the circumstances of this case convinces this Court that the trial judge properly denied the motion for continuance. *Page 654 
 II
Prior to trial, defense counsel made a motion in limine requesting that the prosecutor not ask the appellant about his 1977 conviction for assault and battery. During the cross-examination of the appellant, the prosecutor asked, "Have you been convicted of assault and battery?" The appellant replied, "Yes, sir; in 1977." Defense counsel objected at this time and made a motion to exclude. A hearing was held outside the presence of the jury, at which defense counsel asked for a mistrial. At the hearing, the prosecutor asserted that he had evidence that the appellant had been convicted of assault and battery in 1985 and this was the conviction he was asking about. The trial judge denied the motion for a mistrial and instructed the prosecutor to ask his question with specific reference to the 1985 conviction. The trial judge also instructed the jury to disregard the appellant's answer.
The appellant contends the trial judge erred by denying his motion for a mistrial. We disagree.
 "A motion for a mistrial implies a miscarriage of justice and should only be granted where it is apparent that justice cannot be afforded. Young v. State, 416 So.2d 1109 (Ala.Cr.App. 1982). A trial judge is allowed broad discretion in determining whether a mistrial should be declared, because he is in the best position to observe the scenario, to determine its effect upon the jury, and to determine whether the mistrial should be granted. Woods v. State, 367 So.2d 982 (Ala. 1978); Duncan v. City of Birmingham, 384 So.2d 1232
(Ala.Cr.App. 1980); Wadsworth v. State, 439 So.2d 790 (Ala.Cr.App. 1983), cert. denied, Wadsworth v. Alabama, 466 U.S. 930, 104 S.Ct. 1716, 80 L.Ed.2d 188 (1984).
 "The granting of a mistrial is an extreme measure, and a mistrial should be denied where the prejudicial qualities of the comment can be eradicated by the action of the trial court. Young, supra, Dickey v. State, 390 So.2d 1177
(Ala.Cr.App.), cert. denied, 390 So.2d 1178 (Ala. 1980)."
Dixon v. State, 476 So.2d 1236, 1240 (Ala.Crim.App. 1985).See also, St. John v. State, 523 So.2d 521 (Ala.Crim.App. 1987), cert. denied, (Ala. 1988).
We do not find that a mistrial was necessary in this instance. The prosecutor's question did not in any way refer to the 1977 conviction. It was the appellant who made the reference to the 1977 conviction in his answer. It certainly would have been better if the prosecutor had made a specific reference in his question about the 1985 conviction but we do not find that the question was improper since the prosecutor had evidence of the other conviction. Furthermore, the trial judge obviously believed that curative instructions could eradicate any prejudicial effects of the appellant's answer. There was no error here.
 III
Nine different photographs of the victim's injury were admitted into evidence. The appellant objected to the admission of all but one or two of the photographs on the grounds that the photographs were prejudicial and cumulative.
 "Photographs are admissible in evidence if they have 'some tendency to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, to corroborate or disprove some other evidence offered or to be offered.' Baldwin v. State, 282 Ala. 653, 655, 213 So.2d 819, 820 (1968). In addition, photographic exhibits are admissible even though they may be cumulative, demonstrative of undisputed facts, Craft v. State, 402 So.2d 1135
(Ala.Cr.App. 1981), or gruesome, McKee v. State, 33 Ala. App. 171, 31 So.2d 656 (1947). So long as the exhibits tend to shed light on the issues being tried, their admission is within the sound discretion of the trial judge. Thornton v. State, 369 So.2d 63 (Ala.Cr.App. 1979)."
Hopkins v. State, 429 So.2d 1146, 1157 (Ala.Crim.App.), cert.denied, (Ala. 1983).
The nine photographs admitted into evidence were different views of the victim's injury. These photographs tended to show the location and extent of her injury and, *Page 655 
thus, were properly admitted into evidence. We find that the trial judge did not abuse his discretion in this instance.
 IV
The appellant contends that he was denied a fair trial because the trial was conducted in the summertime, and at the time of the trial, there was no air conditioning in the courtroom. The appellant cites no legal authority in support of his argument, and thus, there is nothing before this court to review. Vinzant v. State, 462 So.2d 1037 (Ala.Crim.App. 1984). Furthermore, this issue was never raised during the course of the trial and was only brought to the attention of the trial court during the hearing on his motion for a new trial. "The grounds urged for a new trial must ordinarily be preserved at trial by timely and sufficient objections. Fullerv. State, 365 So.2d 1010 (Ala.Cr.App. 1978), cert. denied,365 So.2d 1013 (Ala. 1979)." Smith v. State, 393 So.2d 529, 532
(Ala.Crim.App. 1981). Defense counsel certainly could have brought this matter to the attention of the trial court during the course of the trial. Thus, there is nothing before this court to review.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 993